UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

D-4 Mario Phillip Garnes,

    Defendant.

                                    /

Case No. 14-20119

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF TATTOOS, SONG LYRICS, AND
MARIJUANA UNDER FRE 402, 403, AND 404(a) [175]**

This matter comes before the Court on Defendant Mario Phillip Garnes's motion in limine to exclude from trial evidence of his tattoos, song lyrics, and marijuana as inadmissable under Federal Rules of Evidence 402, 403, and 404(a). Defendants David Gay and Alexander George join the motion. [183, 186]. The Court held a hearing on this motion on May 27, 2015. For the reasons stated below, Defendant's motion is DENIED WITHOUT PREJUDICE. However, the Court will require the government to alert it prior to any introduction of the song lyrics at trial so that the Court will be better able to determine the potential danger of unfair prejudice that may arise.

**I.    Background**

Defendant has been indicted for participating in a RICO conspiracy as a member of the Bounty Hunters. 18 U.S.C. § 1962(d). In addition to RICO conspiracy, Defendant has also been charged with possession of firearm in furtherance of a crime of violence. 18 U.S.C. § 924(c). The indictment alleges that Defendant was one of the Bounty Hunters' first

members and the gang's tattoo artist (Dkt. 152, Third Superceding Indictment, Count One ¶ 18(d).) The indictment further alleges that Defendant participated in the gang through his involvement in drug dealings, robbery, and illegal gun use. (*Id.*, Count One, Overt Acts 12, 38, 39, 56; Notice of Enhanced Sentencing; Count Six.)

On October 24, 2013, a search warrant was executed at Defendant's residence. During this search, agents took pictures of tattoos on Defendant's body. They also found song lyrics written by Defendant and a marijuana grow operation.

**II. Analysis**

Defendant seeks to exclude from trial the evidence of his tattoos, song lyrics, and marijuana as being irrelevant, improper character evidence, and unfairly prejudicial. Under the Federal Rules of Evidence, relevant evidence is admissible unless the Constitution, a federal statute, a federal rule of evidence, or another rule proscribed by the Supreme Court provides otherwise. Fed. R. Evid. 402. Two rules that "provide[] otherwise" are Rules 404 and 403. Under Rule 404, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." And under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Relevant evidence is defined as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401.

**A. Tattoos**

Defendant first asks the Court to exclude from trial evidence of his tattoos. The government argues that evidence of Defendant's tattoos is relevant to his involvement in the Bounty Hunters, and accordingly, his participation in the charged RICO conspiracy. The Court agrees. "Evidence of gang affiliation is relevant where it demonstrates the relationship between people and that relationship is an issue in the case, such as in a conspiracy case. However, gang affiliation evidence is inadmissible if there is no connection between the gang evidence and the charged offense." *United States v. Ford*, 761 F.3d 641, 649-50 (6th Cir. 2014) (internal citations and quotations omitted). The existence of an "enterprise" and a defendant's agreement to associate with that enterprise are two of the elements required to establish a RICO violation. *United States v. Fowler*, 535 F.3d 408, 418 (6th Cir. 2008). Here, the Bounty Hunters are charged in the indictment as the "enterprise," and Defendant's tattoos may be relevant toward showing Defendant's association with the Bounty Hunters. *See U.S. v. Toliver*, 387 F. App'x 406, 419 (4th Cir. 2010) ("Given that the government was required to show Toliver's membership in the [Bounty Hunter Blood's] as one of the elements of the substantive crime, the presence of the gang tattoos all over his body tended to show Toliver was a member, and the evidence was properly admitted to show that membership.").

Assuming the government will prove at trial the connection between the tattoos and Defendant's membership in the Bounty Hunters, the evidence of the tattoos is relevant and will not be excluded.

**B. Song Lyrics**

Defendant next asks the Court to exclude evidence of the song lyrics found at his residence. (Def.'s Mot., Ex. B.) The government argues that aspects of the lyrics are again

3

relevant toward proving Defendant's association with the Bounty Hunters. For example, Defendant repeatedly changes the letter "c" to the letter "k" in words throughout the lyrics (a trait the government says is attributable to the gang). The government also states that other references in the lyrics may be become relevant at trial to establish Defendant's connection to the Bounty Hunters. The government recognizes that the song lyrics may carry a danger of unfair prejudice. *See United States v. Stuckey*, 253 F. App'x 468, 483 (6th Cir. 2007) ("A juror, after hearing profane, offensive, and violent rap lyrics written by a defendant, might conclude that the defendant is a bad person and might be more willing to convict on that impermissible ground."). However, it contends that it will only introduce the lyrics for permissible reasons and not to prove that Defendant was acting in accordance with his character. *See id.* at 482-84 (holding that the district court did not err in admitting a defendant's rap lyrics when they were relevant toward the charged conduct and not admitted to show bad character).

Because the introduction of the song lyrics carries a danger of unfair prejudice, the Court will require the government to alert it prior to any introduction of the lyrics at trial. The Court will then be able to better evaluate the context in which the government seeks to introduce the lyrics and will also be better able to determine whether their introduction will be more prejudicial than probative under Rule 403.[1]

---

[1] Relying on *Dawson v. Delaware*, 503 U.S. 159 (1992), Defendant also argues that his song lyrics should be excluded from trial because they are protected under the First Amendment. *See id.* at 168 (holding that the First Amendment bars a state "from employing evidence of a defendant's abstract beliefs at a sentencing hearing when those beliefs have no bearing on the issue being tried."). This argument has no merit. Unlike in *Dawson*, Defendant's lyrics will be relevant "to the issues being decided in the proceeding" (i.e., his membership in the Bounty Hunters gang.) If they are not relevant, then they will be excluded regardless under the Federal Rules of Evidence. The Second Circuit recently

4

**C. Marijuana**

Defendant finally asks that the Court exclude evidence of the marijuana grow operation found at his house as irrelevant and unduly prejudicial because he is qualified under state law to possess medicinal marijuana. He argues the marijuana grow was "nothing more than a legal method to procure his medicine used to treat his Crohn's disease." (Def.'s Mot. at 12.) If the government introduces the evidence to prove that Defendant was selling marijuana for the Bounty Hunters, Defendant believes that the evidence will mislead the jury and confuse the issues.

In response, the government argues that this evidence is again relevant to proving Defendant's guilt in the charged RICO conspiracy. The indictment charges Defendant with agreeing to racketeering activity that includes drug dealing, and the indictment specifically lists the marijuana evidence from Defendant's house as part of his involvement in the charged conspiracy. (Dkt. 152, Third Superceding Indictment at 16, Overt Act 12.) The government also argues that compliance with state marijuana laws (assuming a defendant is actually in compliance with them) is not a defense to federal charges. *See United States v. Marcinkewciz*, 543 F. App'x 513, 516 (6th Cir. 2013). The government states that evidence at trial will show that Defendant dealt marijuana and other drugs as part of his involvement in the gang, not just for his personal benefit. (*See* Gov.'s Supplemental Br. at

---

reached the same conclusion regarding a defendant's argument that the admission of rap lyrics and tattoos in his gang trial violated the First Amendment. *United States v. Pierce*, — F.3d —, No. 13-3687, 2015 WL 2166141, at *6 (2d Cir. May 11, 2015) ("This challenge is meritless, however, because here the speech is not itself the proscribed conduct. The speech was not the basis for the prosecution, but instead it was used to establish the existence of, and Colon's participation in, the alleged RICO enterprise.") (internal citations and quotations omitted)).

1-2) (describing evidence that corroborates the view that Defendant distributed marijuana as part of his involvement in the gang)).)

The Court agrees with the government. The evidence of Defendant's marijuana grow operation is relevant to proving his guilt in the charged RICO conspiracy. This evidence will not be unduly prejudicial. See *United States v. Johnson*, 581 F.3d 320, 327 (6th Cir. 2009) ("Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest a decision on an improper basis."). Defendant will be free to argue at trial that he used the marijuana legally to treat his Chron's disease and that it is not related to any gang activity.

### III.   Conclusion

For the foregoing reasons, Defendant's motion is DENIED WITHOUT PREJUDICE. The government will alert the Court prior to any introduction of the song lyrics.

            s/Nancy G. Edmunds
            Nancy G. Edmunds
            United States District Judge

Dated:  June 5, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 5, 2015, by electronic and/or ordinary mail.

            s/Carol J. Bethel
            Case Manager